UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN CHRISTINE BANKS,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 13-cv-05322 BHS<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: May 2, 2014 |

      This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 12, 15, 16, 19).

      After considering and reviewing the record, the Court finds that the Administrative Law Judge ("ALJ") erred when the ALJ ignored a magnetic resonance imaging ("MRI") report that showed advanced degenerative disc disease and other chronic changes in

plaintiff's cervical spine.  Plaintiff was harmed by this error because the ALJ relied on lesser findings contained in an earlier report to deny disability.  Therefore, the undersigned recommends this case be REVERSED and REMANDED.

## BACKGROUND

Plaintiff, SUSAN CHRISTINE BANKS, was born in 1951 and was 52 years old on the alleged date of disability onset of December 1, 2003 (*see* Tr. 135-36).  At the hearing, plaintiff amended her alleged date of disability to September 30, 2006 (Tr. 10). Plaintiff has a high school education.   Plaintiff has worked as a short-order cook and an in-home daycare provider (Tr. 49, 56-57).  Plaintiff closed her in home day care business when she was no longer physically able to perform this work (Tr. 46).

Through the date last insured, plaintiff has at least the severe impairments of "cervical degenerative disc disease, low back pain, and borderline osteopenia (20 CFR 404.1520(c))" (Tr. 12).

At the time of the hearing, plaintiff was living in a home with her husband, daughter, and three grandchildren (Tr. 37, 41).

## PROCEDURAL HISTORY

On January 22, 2010, plaintiff protectively filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act (*see* Tr. 135-36). This application was denied initially and following reconsideration (Tr. 60-64). Plaintiff's requested hearing was held before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on January 9, 2012 (*see* Tr. 23-59). On January 27,

2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.7-21).

On February 25, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on April 26, 2013 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on July 3, 2013 (*see* ECF Nos. 8, 9. 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in ignoring significant and probative evidence consisting of the plaintiff's cervical spine MRI of May 10, 2003; (2) Whether or not the ALJ erred in ignoring medical opinion evidence contained within the MRI findings of May 10, 2003; and (3) Whether or not the ALJ's errors were harmful to plaintiff (*see* ECF No. 12, p. 1).

In defendant's Sur-Reply Brief, defendant concedes that the ALJ erred by ignoring medical opinion evidence contained within the MRI findings of May 10, 2003 (EFC No. 10, p. 1-2), but claims that the error was harmless.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).The Court must independently determine whether or not "'the Commissioner's

decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)).In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina,* 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

**(1)   Whether or not the ALJ erred in ignoring significant and probative evidence consisting of the plaintiff's cervical spine MRI of May 10, 2003.**

Plaintiff argues that the ALJ erred by failing to consider or evaluate significant and probative evidence in plaintiff's cervical spine MRI report dated May 10, 2003 (ECF No. 12, p. 3-4).  Specifically, plaintiff argues that the May 2003 MRI findings are significant because they showed advanced, as compared to moderate, degenerative disc disease at C5-C6.   (ECF No. 12, p. 3-4).  Plaintiff contends that the findings from the MRI report are probative because they were made during the period of insurability, relate to plaintiff's complaints of disabling neck pain and contradict other objective evidence that the ALJ relied on to deny plaintiff's claim.  (ECF No. 12, p. 4-5).  Plaintiff further argues that she was harmed by the ALJ's failure to consider the May 2003 cervical MRI findings because the ALJ relied on the lesser findings contained in the December 2002 cervical spine CT scan to deny disability.  (ECF No. 12, p. 5-6).

In contrast, defendant argues that the ALJ did not ignore the findings of the May 2003 cervical spine MRI. (ECF No. 15, p. 2). Rather, defendant argues that the findings of this MRI were accommodated by the ALJ's step-two determination that plaintiff's cervical degenerative disc disease was a severe impairment. (ECF No. 15, p. 2). Defendant further argues that even if the ALJ erred by ignoring this evidence, plaintiff has not demonstrated that the error was harmful because the ALJ offered other valid reasons that are supported in the record to discount plaintiff's testimony. (ECF No. 15, p. 3-4). Defendant does not address plaintiff's argument that the harm arose from the ALJ's reliance on lesser exam findings to deny plaintiff's claim.

An ALJ "need not discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)). However, an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting*, 739 F.2d at 1395) (*quoting Cotter*, 642 F.2d at 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores,* 49 F.3d at 571.

Radiologist Drew Deutsch, M.D., authored a May 2003 MRI report that contained findings related to plaintiff's cervical and thoracic spine (Tr. 555-56). Dr. Deutsch compared the May 2003 cervical spine MRI findings to the findings of plaintiff's December 16, 2002, cervical spine CT and wrote: "C5-C6 demonstrates, in my opinion, advanced degenerative disc disease, rather than moderate changes." (Tr. 555). Dr. Deutsch's report also referenced to other cervical spine findings including increased fluid

within the central nucleus of C6 and accompanying reactive edema with sclerosis on the prior CT scan indicative of chronicity (Tr. 555). In contrast to the cervical spine findings, plaintiff's thoracic spine imaging showed only mild degenerative changes (Tr. 556).

The ALJ discusses the moderate findings of plaintiff's December 2002 cervical spine CT scan and the mild findings of plaintiff's May 2003 thoracic spine MRI and uses these findings to reject plaintiff's testimony regarding disabling neck pain (Tr. 15). The ALJ also uses these findings to credit the medical opinion evidence of state agency physician Robert Hoskins, M.D. (Tr. 16). The ALJ wrote: "Dr. Hoskins' opinion is consistent with the overall record, particularly the examinations findings showing only mild degenerative disc changes of the spine and mostly normal physical examination result." (Tr. 16 *citing,* Tr. 411, 556).

This Court agrees with plaintiff that the findings from the 2003 cervical spine MRI report constitute significant and probative evidence. *See Flores*, 49 F.3d at 570-71. As plaintiff points out, the 2003 cervical spine MRI findings are more severe than other objective findings from the relevant period. Furthermore, the 2003 cervical spine MRI findings tend to support plaintiff's complaints of disabling neck pain as well as contradict other objective evidence that the ALJ relied on to deny disability (see Tr. 15-16).

This Court also agrees that plaintiff was harmed by the ALJ's failure to consider the results of the May 2003 cervical spine MRI. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Court noted multiple instances of the

application of these principles. *Id.* (collecting cases). The court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted).

The Ninth Circuit also noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ relied on the lesser findings of the December 2002 cervical spine CT, among other reasons, to reject plaintiff's symptom testimony as unsupported by the record (Tr. 15).  As defendant points out, this error alone may not be sufficient to constitute harm.  It is not necessary, however, to decide this issue because the ALJ also relied on an incomplete reading of the May 2003 MRI reports to analyze the medical opinion evidence (see Tr. 16, *citing* Tr. 556 (MRI thoracic spine report)).

In analyzing the medical opinion evidence of Dr. Hoskins, the ALJ relied exclusively on the mild findings of the thoracic spine MRI (Tr. 556) and omitted the more serious advanced degenerative findings of the cervical spine MRI (Tr. 555).  The

ALJ's failure to consider the more serious findings of the May 2003 cervical spine MRI is reversible error because it is central to the ALJ's affirmation of the medical opinion of Dr. Hoskins and, therefore, significant to the ALJ's decision to deny benefits. Dr. Hoskins was the only acceptable medical source in the record to render an opinion regarding plaintiff's functional limitations during the relevant period. For this reason, the ALJ's ultimate finding of nondisability rests in large part on Dr. Hoskins opinion.

It is also worth noting that, as plaintiff points out in her brief to the Appeals Council, Dr. Hoskins never even reviewed plaintiff's May 2003 MRI report. Dr. Hoskins reviewed the medical evidence of record in August 2010 (Tr. 404). Plaintiff's May 2003 MRI was not admitted into the record until after plaintiff retained counsel in 2011 (see Tr. 25-27, 109, 111-13). No medical source, acceptable or otherwise, reviewed the more serious findings of plaintiff's May 2003 cervical spine MRI. For this reason, on remand, the Commissioner may consider seeking the assistance of a medical expert to aid in further developing the record regarding plaintiff's functional limitations.

**(2)   Whether or not the ALJ erred in ignoring medical opinion evidence contained within the MRI findings of May 2003.**

Defendant concedes that the ALJ erred by not discussing the medical opinion evidence contained within the MRI findings of May 10, 2003 (EFC No. 10, p. 1-2). Defendant contends that this error was harmless. This Court has already determined that plaintiff was harmed by the ALJ's failure to discuss the more serious findings of plaintiff's May 2003 cervical spine MRI.

CONCLUSION

The ALJ erred by failing to discuss the significant and probative findings of plaintiff's May 2003 cervical spine MRI examination that showed advanced, compared to moderate, degenerative disc disease.

Based on the reasons discussed above, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 2**,** 2014, as noted in the caption.

Dated this 9th day of April, 2014.

_____
J. Richard Creatura
United States Magistrate Judge